## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM E. ALTON, III, #242010 | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. AW-05-0147 |
| | * | |
| JOSEPH P. SACCHET, Warden, *et al.* | * | |
| Respondents | * | |

oOo

## MEMORANDUM

This matter is before the Court on Petitioner 's pro se application for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  On January 13, 2005,  Petitioner filed the instant petition challenging  his 1998 conviction in the Circuit Court for Washington County, Maryland for second degree assault.[1] Respondents have filed a limited response seeking dismissal of the petition as time-barred.[2] Petitioner has filed a response in opposition.

Upon review of the pleadings, the Court finds no need for an evidentiary hearing.  See 28 U.S.C. Section 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court determines the petition is time-barred under 28 U.S.C. §2244(d)(1), and it will be dismissed by separate Order.

---

[1] The Petition is dated January 13, 2005. The Court will assume for the purposes of this decision that it was delivered to prison officials and therefore filed in this court on the same day. See Houston v. Lack, 487 U.S. 266 (1988); United States v. Dorsey, 988 F. Supp. 917, 919-920 (D. Md. 1998).

[2] By  order dated March 19, 2005, the Court granted Petitioner thirty (30) days to respond.

**I. Statute of Limitations**

A one-year statute of limitations applies to habeas petitions in non-capital cases for  prisoners convicted in a state court. See 28 U.S.C. § 2244(d).[3]  This one-year period is, however, tolled while properly filed post conviction proceedings are pending and may otherwise be equitably tolled.  See 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

**II.  Procedural History**

Petitioner appealed his 1998 conviction to the Court of Special Appeals of Maryland. On June 29, 1999, the state intermediate appellate court affirmed the conviction.  Paper No. 6, Exhibits 2 and 3.  By

---

[3]This section provides:

> (1)        A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)        the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)        the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)        the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)        the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)        the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

order dated December 10, 1999, the Court of Appeals of Maryland declined further review. Paper No. 6, Exhibit 4.

Petitioner filed for state post conviction relief in the Circuit Court for Washington County on March 13, 2001. Paper No. 6, Exhibit 2 at 4 and Exhibit 5 at 3.  His post conviction petition was denied by order filed on January 20, 2004.  Paper No. 6, Exhibits 2 and 5.  Petitioner's subsequent application for leave to appeal to the Court of Special Appeals of Maryland was denied on September 8, 2004.  Paper No. 6, Exhibit 6.  The mandate issued on October 8, 2004.  Id.

## III. Analysis

Petitioner's conviction became final for the purpose of calculating the one-year period when the time expired for filing a petition for certiorari before the United States Supreme Court.[4]  See  Clay v. United States, 537 U.S. 522, 524 (2003); Wade v. Robinson, 327 F.3d 328, 330 (4th Cir.).  Thus, the one-year limitations period in this case began to run on March 10, 2000, and expired on March 9, 2001. During this period,  no state post conviction proceedings were pending.  As noted above, Petitioner did not initiate state post conviction proceedings until March 13, 2001.  In addition, following issuance of the mandate of the Court of Special Appeals on October 8, 2004, a period in excess of three months elapsed before the Petition was filed on January 13, 2005.  Consequently, the Petition was filed outside the period of limitations.

Petitioner has neither asserted, nor do the pleadings suggest, circumstances warranting equitable tolling.  In order to be entitled to equitable tolling, a petitioner must establish that either some wrongful

---

[4] See S. Ct. Rule 13.1 (providing that "[a] petition for a writ of certiorari seeking review of a judgment of a court of last resort is timely filed with the Clerk within 90 days after entry of the order denying discretionary review).

conduct by a respondent contributed to the delay in filing or that circumstances beyond his control caused the delay. See Rouse v. Lee, 339 F.3d 238, 246 ( 4th Cir. 2003); Harris v. Hutchinson, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.

In his opposition response, Petitioner attributes the delay in filing to: 1) delays between the time he mailed his state post conviction papers and their filing by the state court; 2) a temporary, six-week closing of the prison law library due to renovations and personnel absences; 3) limited prison access to copying machines; 3) purported advice by appellate counsel to file the petition no later than January 17, 2005 [5]; 4) ambulation difficulties suffered after he had a fall; 5) abdominal hernia surgery; and 6) transfers between correctional institutions. Paper No. 8 at 2-5. Having carefully considered these proffered bases, the Court determines that none amounts to an extraordinary circumstance justifying equitable tolling.

In regard to his first three contentions, Petitioner neither alleges nor demonstrates how these circumstances were extraordinary or were the result of wrongful conduct by Respondents. As to his claim of purported attorney error, a mistake by counsel "interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous misunderstanding." See Harris v. Hutchinson, 209 F.3 at 331. Next, Petitioner fails to demonstrate that his medical conditions, separately or cumulatively, rendered him incapable of filing a habeas petition during the limitations period. Lastly, Petitioner's transfers between different prisons were made in order to accommodate his physical disabilities. Paper No. 8 at 5 and Exhibit 3. These transfers

---

[5]Petitioner offers no evidence, other than his own conclusory assertion, in support of this contention.

do not constitute extraordinary circumstances, and have not been shown to have caused the untimely filing of the instant petition. As a result, equitable tolling on the basis of these contentions is not available.

Additionally, Petitioner claims he is actually innocent of the charges against. Paper No. 8 at 6. The United States Court of Appeals for the Fourth Circuit, however, has explicitly rejected the "invitation to apply equitable tolling based on a factor that had nothing to do with [a petitioner's] failure to file on time. Rouse v. Lee, 339 F.3d at 251. The Fourth Circuit explained:

> [W]e see no reason why the decision as to whether a court considers the claims in an untimely petition should depend on the nature of the claims in the petition.  Allowing consideration of the merits of time-barred claims to creep into the equitable tolling analysis lets petitioners effectively circumvent the statute of limitations because the merits of their claims will always be considered.

Id..  Further, actual innocence is a matter which a petitioner would raise in the first instance.  If the facts supporting such a claim did not become known until a later date, the law specifically provides an opportunity for review.  See 28 U.S.C. §2244(2)(B).

Accordingly, the petition is time-barred under 28 U.S.C. §2244(d) and will be dismissed by separate order.

  April 20, 2005                          _____"/s/"_____
Date                                        Alexander Williams, Jr.
                                            United States District Judge

5